904 F.2d 702
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel WHISENANT, Petitioner-Appellant,
v.
Ottie ADKINS, Sheriff of Cabell County, West Virginia,
Respondent-Appellee.
 No. 90-6524.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 7, 1990.
Decided: May 22, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (C/A No. 89-423-3).
 Daniel Whisenant, appellant pro se.
 John L. Cummings, Office of the Prosecuting Attorney, Huntington, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and Chapman and Wilkins, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel Whisenant appealed the district court's order denying his petition for writ of mandamus in which he alleged that the respondent to his 28 U.S.C. Sec. 2254 petition did not file a timely response and did not address the claims raised in his Sec. 2254 petition. He sought an order from the district court ordering the magistrate who was presiding over the Sec. 2254 action to grant his request for habeas relief.[1]
 
 
 2
 We affirm the district court's denial of mandamus relief. Mandamus is only appropriate when there are no other means by which a petitioner may obtain the relief requested. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). Whisenant could have sought the same relief with a motion for summary judgment. Therefore, the mandamus petition was properly denied.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 AFFIRMED
 
 
 [1]
 The magistrate was acting pursuant to 28 U.S.C. Sec. 636(b)
 
 
 [2]
 We note that if the mandamus petition were to be construed as a motion for summary judgment, the appeal would be interlocutory